WO  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

WILLIAM CURTIS, M.D., and PEDRO )
VALDES, M.D., )
 )
                            Plaintiffs, )
 )
    vs. )
 )
PROVIDENCE HEALTH & SERVICES, )
PROVIDENCE HEALTH & SERVICES- )
WASHINGTON, and BRUCE LAMOUREUX, )
 )  No. 3:18-cv-0281-HRH
                         Defendants. )
_____)

O R D E R

Motion to Compel

Plaintiffs move for an order compelling defendant Providence Health & Services - Washington to respond to their Requests for Production Nos. 13-18.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Plaintiffs, who are cardiothoracic surgeons, commenced this action after their staff privileges were terminated at Providence Alaska Medical Center (PAMC). Plaintiffs allege that their staff privileges were terminated after PAMC entered into an exclusive contract with

---

[1]Docket No. 34.

[2]Docket No. 37.

Starr-Wood Cardiac Group of Portland, P.C. Plaintiffs' remaining claims in this matter are their breach of contract claim and a breach of the implied covenant of good faith and fair dealing claim. Plaintiffs allege that PAMC "breached its own bylaws" by "rescinding their medical staff privileges without cause and by excluding them from the hospital facilities where they may perform cardiac and thoracic surgery."[3] And, plaintiffs allege that "[t]hrough its exclusion of [them] from PAMC, PAMC breached the implied covenant of good faith and fair dealing."[4]

On April 10, 2019, plaintiffs served their First Requests for Production on defendant. Defendant objected to Requests for Production Nos. 13-18 on various grounds, including that they sought "confidential business information that relates solely to claims that have been dismissed or that is otherwise not likely to lead to the discovery of admissible evidence."[5] In response to the instant motion, defendant only argues that the information being sought in these requests is irrelevant to plaintiffs' remaining claims.

"Pursuant to Rule 37(a)(3)(B)(iv), '[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection' if 'a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.'"

---

[3] Amended Complaint at 10, ¶¶ 61-62, Exhibit A, Notice of Removal of Civil Action, Docket No. 1.

[4] Id. at 11, ¶ 66.

[5] Responses to Plaintiffs' First RFPs to Defendant Providence Health & Services – Washington at 13-16, Exhibit B, Plaintiffs' Motion to Compel the Production of Documents, Docket No. 34.

Renfrow v. Redwood Fire and Cas. Ins. Co., 288 F.R.D. 514, 521 (D. Nev. 2013) (quoting Fed. R. Civ. P. 37(a)(3)(B)(iv)). "Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are 'relevant to any party's claim or defense . . .' or, for good cause shown, 'relevant to the subject matter involved in the action.'" Id. (quoting Fed. R. Civ. P. 26(b)). "For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence." Id.

Request for Production No. 13. In RFP No. 13, plaintiffs request "all documents in your possession, custody or control that reference or mention any discussion or offer involving Dr. Curtis, Dr. Valdes, or both of them, and a request that Providence provide a salary guarantee for a cardiothoracic surgeon."[6] Documents responsive to this request are relevant to plaintiffs' remaining claims as they may shed light on whether PAMC terminated plaintiffs' staff privileges for an impermissible reason. Defendant is compelled to respond to RFP No. 13.

Request for Production No. 14. In RFP No. 14, plaintiffs request "a true, correct and complete copy of the May 1, 2017, letter from PAMC to Starr-Wood referencing negotiations for a cardiothoracic surgery agreement."[7] This letter is relevant to plaintiffs' remaining

---

[6]Plaintiffs' First Requests for Production to Providence Health & Services – Washington at 6, Exhibit A, Plaintiffs' Motion to Compel the Production of Documents, Docket No. 34.

[7]Id.

claims as it may have some bearing on whether PAMC was dealing fairly with plaintiffs during the relevant time. Defendant is compelled to respond to RFP No. 14.

Request for Production No. 15. In RFP No. 15, plaintiffs request "all documents in your possession, custody or control that reference or touch upon an exclusive contract for cardiothoracic surgery with the Starr-Wood group, and PAMC in existence prior to 2005."[8] PAMC's relationship with Starr-Wood prior to 2005 is not relevant to plaintiffs' remaining claims, primarily because it is too remote in time. Defendant is not compelled to respond to RFP No. 15.

Request for Production No. 16. In RFP No. 16, plaintiffs request "all documents in your possession, custody or control that reference or touch upon the termination or ending of the 1990s exclusive contract for cardiothoracic surgery between the Starr-Wood group and PAMC."[9] PAMC's relationship with Starr-Wood in the 1990s is not relevant to plaintiffs' remaining claims, primarily because it is too remote in time. Defendant is not compelled to respond to RFP No. 16.

Request for Production No. 17. In RFP No. 17, plaintiffs request "all documents in your possession, custody or control that reference or touch upon a contract between the Starr-Wood group and a hospital in Bend, Oregon."[10] Starr-Wood's contract with a different

---

[8] Id.

[9] Id. at 7.

[10] Id.

hospital in a different state under different circumstances is not relevant to plaintiffs' remaining claims. Defendant is not compelled to respond to RFP No. 17.

Request for Production No. 18. In RFP No. 18, plaintiffs request "all documents in your possession, custody or control that support your denial of paragraph 50 of the Amended Complaint."[11] In paragraph 50 of their amended complaint, plaintiffs allege that:

> [t]he decline in the quali[t]y of patient care brought about by the exclusive contract also will be needless. PAMC could have solved its inability to provide call coverage by agreeing to an income guarantee for one surgeon that would have been a fraction of the cost of the income guarantee per surgeon contained in the exclusive agreement with Starr-Wood.[12]

Documents responsive to this request are relevant to plaintiffs' remaining claims as they may shed light on whether PAMC terminated plaintiffs' staff privileges for an impermissible reason. Defendant is compelled to respond to RFP No. 18.

## Conclusion

Plaintiffs' motion to compel is granted in part and denied in part. It is denied as to RFP Nos. 15, 16, and 17. It is granted as to RFP Nos. 13, 14, and 18.

DATED at Anchorage, Alaska, this 9th day of July, 2019.

/s/ H. Russel Holland
United States District Judge

---

[11]Id.

[12]Amended Complaint at 9, ¶ 50, Exhibit 1, Notice of Removal of Civil Action, Docket No. 1.